[Cite as *State ex rel. Onunwor v. Deputy Clerk of Courts*, 2024-Ohio-1685.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL. CLIFTON ONUNWOR, :

    Relator, :

                                         No. 113724

    v. :

SAVANNAH O. (DEPUTY CLERK OF : 
COURTS),

                         :

    Respondent.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** April 30, 2024

---

Writ of Mandamus
Motion No. 573233
Order No. 573774

---

### *Appearances:*

Clifton Onunwor, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kelli K. Perk, Assistant Prosecuting Attorney, *for respondent.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} On March 12, 2024, the relator, Clifton Onunwor, pursuant to Ohio Sup.R. 44-47, commenced this public records mandamus action to compel the clerk of courts to release the following case documents: (1) all warrants, affidavits, and

reports pertaining to the warrants in *State v. Onunwor*, Cuyahoga C.P. No. CR-08-517054 ("the underlying case"); (2) the report, affidavit, and search warrant for relator's cell phone records; (3) the report, affidavit, and search warrant for relator's residence at 10517 Shale Ave., Cleveland, Ohio, 44104; (4) the 2008 report, affidavit, and search warrant for relator's Chevrolet Tahoe, and (5) the jury verdict forms. On March 26, 2024, the respondent moved to dismiss because Onunwor had not fulfilled the prerequisite for obtaining those records. Onunwor filed briefs in opposition on April 5, April 15, and April 25, 2024. For the following reasons, this court grants the respondent's dispositive motion and dismisses the complaint for mandamus.

{¶ 2} In the underlying case, in July 2009, a jury convicted Onunwor of one count of aggravated murder with one- and three-year firearm specifications and two counts of tampering with evidence.

{¶ 3} R.C. 149.43(B)(8) provides as follows:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 4} On March 20, 2018, in the underlying case, Onunwor filed a "Motion to determination that public record is necessary to support a justifiable claim." Onunwor asked for permission to obtain the entire case-file package so that he could pursue postconviction remedies. The trial court denied this motion on April 22, 2018. A review of the docket in the underlying case does not show that the trial court made the requisite finding under R.C. 149.43(B)(8).

{¶ 5} Onunwor now invokes Sup.R. 44-47 to obtain trial-case records, such as the reports, affidavits, and search warrant from his underlying case. These superintendence rules do not contain a prerequisite comparable to division (B)(8).

{¶ 6} However, in *State ex rel. Bey v. Byrd,* 160 Ohio St.3d 141, 2020-Ohio-2766, 154 N.E.2d 57, the Supreme Court of Ohio held that Sup.R. 44-47 apply only to records in cases commenced on or after July 1, 2009, the effective date of those rules. "Access to case documents in *actions commenced prior to July 1, 2009,* shall be governed by federal and state law." (Emphasis sic.) *Id.* at ¶ 11. Therefore, Onunwor's request is governed by R.C. 149.43, including division (B)(8). Onunwor's failure to obtain the necessary judicial approval now precludes this public records mandamus action. The court also notes that jury verdict forms are also exempt from disclosure. *State v. Carr,* 2d Dist. Montgomery No. 28193, 2019-Ohio-3802.

{¶ 7} Accordingly, this court grants the respondent's motion to dismiss and dismisses this complaint for mandamus. Relator to pay costs. This court directs the

clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 8} Complaint dismissed.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR